UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| BRUCE COUTURIER, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | Case Nos.  2:12-cv-01104-APG-NJK |
| | ) | 2:12-cv-01106-APG-NJK |
| | ) | 2:12-cv-01107-APG-NJK |
| | ) | 2:12-cv-01108-APG-NJK |
| vs. | ) | 2:12-cv-01110-APG-NJK |
| | ) | 2:12-cv-01111-APG-NJK |
| AMERICAN INVSCO CORP., et al., | ) | |
| | ) | **O R D E R** |
| Defendants. | ) | |

This matter is before the Court on Plaintiffs' Emergency Motion for Order to Show Cause Why Michael Mackenzie Should Not Be Held In Contempt of Court. Docket No. 89, 2:12-cv-01104-APG-NJK; Docket No. 79, 2:12-cv-01106-APG-NJK; Docket No. 85, 2:12-cv-01107-APG-NJK; Docket No. 77, 2:12-cv-01108-APG-NJK; Docket No. 81, 2:12-cv-01110-APG-NJK; Docket No. 71, 2:12-cv-01111-APG-NJK.

**BACKGROUND**

Michael Mackenzie was Senior Vice President of American Invsco Corporation ("Invsco") and Senior Vice President of American Invsco Realty, a sub-entity of Invsco.

The Plaintiffs deposed Mackenzie on May 14, 2013; however, Mackenzie was unable to recall events, places, and people without referring to his emails. Mackenzie stated that he placed his emails on a CD and provided that CD to his attorney. Mackenzie also stated that he had kept a copy of that CD. Plaintiffs' counsel requested that Mackenzie produce a copy of that CD at his next deposition. Mackenzie asked that a subpoena be served on him for the production of the CD. On

1 May 16, 2013, Plaintiffs' counsel issued and served a notice of continued deposition and subpoena
2 duces tectum to Mackenzie to produce the CD.
3       On May 17, 2013, the Court ordered a mandatory 28-day stay on all discovery including
4 depositions. On May 20, 2013, co-counsel for Koval Flamingo, LLC, Shannon Nordstrom, Esq.,
5 served a letter to Mackenzie stating that he was not required to produce any documents under the
6 May 17, 2013, subpoena at that time. Additionally, the letter stated that the parties involved in the
7 case may have objections to some or all of the documents requested in the subpoena and, therefore,
8 would file the appropriate motions once the discovery stay was lifted. The letter requested that
9 Mackenzie not produce any documents until the stay was lifted and a new subpoena was issued.
10       On May 23, 2013, Plaintiffs' counsel sent Mackenzie a letter indicating that his deposition
11 would not go forward on May 24, 2013, pursuant to the Court order. However, the letter also stated
12 that once the stay was lifted, Mackenzie's deposition would be re-noticed and he would have to
13 produce the requested documents.
14       On June 20, 2013, Plaintiffs noticed Mackenzie's continued deposition for  July 15, 2013.
15 On July 15, 2013, Mackenzie was deposed; however, he did not produce the CD of his emails. On
16 July 24, 2013, Plaintiffs' counsel spoke with Mackenzie concerning a continued deposition for
17 August 22, 2013. Mackenzie replied via email that he has been advised that the emails were not his
18 property and he could not turn them over. On July 25, 2013, Mackenzie further advised that, at his
19 last deposition, counsel for American Invsco told him not to produce the emails because they were
20 not his property. Plaintiffs' counsel responded that if Mackenzie did not turn over the CD with his
21 emails, he would be held in contempt of court.  On August 4, 2013, Mackenzie informed Plaintiffs'
22 counsel that he previously turned over the dic with his emails to American Invsco's attorney and,
23 therefore, was no longer in possession of the emails and could not supply them to Plaintiffs' counsel.
24       On August 5, 2013, Plaintiffs' counsel informed Mackenzie that he would be held in
25 contempt of court if he did not turn over his emails. On August 9, 2013, Plaintiffs filed the present
26 motion seeking an Order to Show Cause for why Mackenzie should not be punished for contempt.
27 Plaintiffs have also indicated that they want a Court order requiring Mackenzie to produce the CD
28 of his emails and to pay the costs and fees associated with bringing the present motion.

- 2 -

**DISCUSSION**

**I.     Alleged Violation of Fed.R.Civ.P. 45(d)(2)(e)**

Plaintiffs argue that Mackenzie should be held in contempt for violating Fed.R.Civ.P. 45(d)(2)(e) because he has not produced the emails listed in the subpoena. Fed.R.Civ.P. 45(d)(2)(e) provides, in part: "(e) *Contempt.* The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. . . ."

Therefore, the Court *may* hold Mackenzie in contempt for his failure to produce his emails, if he does not have an adequate excuse for that failure.

Having reviewed Plaintiffs' motion and attached exhibits, it is apparent that Mackenzie received conflicting information from the parties in this action and only turned the emails over to his former employer when he was informed that they did not belong to him. Mackenzie has appeared for all his noticed depositions, answered Plaintiffs' questions to the best of his ability, and been very responsive to all email communications.

Additionally, in response to the Court's Minute Order, Docket No. 96, Plaintiffs filed email correspondence indicating that Mackenzie was unaware that he was supposed to respond to Plaintiffs' Motion for Contempt. Docket No. 97, at 6-7. Mackenzie specifically asked Plaintiffs' counsel what the Court's Order meant and Plaintiffs counsel indicated that they would let him know. *Id*. However, no information was provided to Mackenzie until after his response was due and even then, Plaintiffs' counsel only informed him that he was to appear at the hearing.[1] *Id*. Therefore, there is no indication that Mackenzie has attempted to be anything but cooperative throughout this litigation and an order holding him in contempt is not appropriate. Accordingly, the Court will not hold Mackenzie in contempt.

. . .

. . .

. . .

---

[1] The Court does not find that Plaintiffs' counsel was required to or should have given Mackenzie legal advice as they are not his counsel; however, Plaintiffs' counsel represented that they would let Mackenzie know what action to take and then failed to do so. Accordingly, the Court finds that Mackenzie is not at fault for not filing a timely response.

**II.     Alleged Violation of NRS**

The Plaintiff also argues that (1) Mackenzie should be held in contempt due to his violation of NRS 22.010(4); (2) the Court should issue an order to show cause for why a warrant of attachment and penalty for contempt should not be issued as to Mackenzie; and (3) the Court should apply NRS 22.100 penalty for contempt. However, this is Federal Court and the Federal Rules of Civil Procedure apply, not the Nevada Rules. Accordingly, the Court cannot hold Mackenzie in contempt for any alleged violations of the NRS, procedural rules which do not apply in this court.

**III.    Request for Order Compelling Mackenzie to Produce Emails**

On August 13, 2013, the Court ruled that to the extend that Plaintiffs sought a Court order compelling Mackenzie to produce his emails, the motion lacked a meet and confer statement as required by Fed.R.Civ.P. 37 and LR 26-7, and therefore denied that portion of the motion without prejudice.

**VI.    Request for Sanctions**

Plaintiffs have requested sanctions in the amount of costs and fees incurred from bringing this motion. The Court finds that sanctions are not appropriate.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion for Order to Show Cause Why Michael Mackenzie Should Not Be Held In Contempt of Court is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs shall notify Michael Mackenzie of the contents of this order no later than 7:00 p.m. today, August 19, 2013.

**IT IS FURTHER ORDERED** that the hearing on this matter set for August 21, 2013, at 2:00 p.m. in LV Courtroom 3B before Magistrate Judge Nancy J. Koppe is hereby **VACATED.**

DATED this 19th day of August, 2013.

**NANCY J. KOPPE**
**United States Magistrate Judge**