UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO and AMELIA TADDEO,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>AMERICAN INVSCO CORPORATION; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC; CONDOMINIUM RENTAL SERVICES, INC.; and REBEKAH DESMET,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-01110-APG-NJK<br><br>**ORDER DENYING EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT**<br><br>(Dkt. #204, 208) |

　　　Defendant Koval Flamingo, LLC ("Koval") filed an Emergency Motion asking me to stay enforcement of the Judgment entered in this case without requiring Koval to post a bond. (Dkt. #204.) Defendant American Invsco Corporation ("Invsco") joined that motion. (Dkt. #208.)

　　　"On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" post-trial motions. Fed.R.Civ.P. 62(b).

> The factors regulating issuance of a stay [include]: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). "[E]ven 'failing' a strong likelihood of success on the merits, the party seeking a stay may be entitled to prevail if it can demonstrate a 'substantial case on the merits' and the second and fourth factors militate in its favor. *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 863 (9th Cir. 2007).

　　　Although Koval and Invsco have filed Rule 50(b) and Rule 59 motions, those motions are not yet fully briefed. My preliminary review of those motions leads me to initially conclude,

without deciding, that Defendants do not have a "strong likelihood of success on the merits." While Defendants may ultimately prevail on some or all of the relief requested in those motions, that outcome is not clear at present. Moreover, Defendants have not shown they will be irreparably harmed absent a stay. Koval argues "it would be required to dispose of its limited liquid assets . . . and spend its money defending what are likely to be inappropriate enforcement proceedings." (Dkt. #204 at 5:2-4.) Invsco makes no such allegation. That is no different than what is experienced by most other judgment debtors attempting to overturn a jury verdict. This is insufficient evidence of irreparable harm; indeed, simple monetary damages generally are not considered to be irreparable harm.

Nor have Defendants demonstrated they cannot afford to post a bond to stay enforcement. And if Koval's allegation of financial hardship is true, that strongly suggests a stay will substantially harm the Plaintiffs' ability to collect on their ultimate judgment (if they prevail on the post-trial motions). And contrary to Koval's expectation, there very well could "be a substantial delay between now and the disposition of [the pending] motions. (*Id.* at 5:7-8.) This case is not the only one pending on my docket.

Although Koval correctly points out that the public has an interest in the correct application of the law (*Id.* at 5:9-13), the public also has an interest in seeing that judgments are enforced and the Federal Rules of Civil Procedure are followed.

The Defendants have not offered sufficient evidence or reasons to justify staying enforcement of the judgment during the pendency of their post-trial motions.

Dated: September 18, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE