1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FRANK TADDEO, et al.,                              )
                                                   )      Case No. 2:12-cv-01110-APG-NJK
            Plaintiff(s),                          )
                                                   )      ORDER DENYING WITHOUT
vs.                                                )      PREJUDICE MOTION FOR
                                                   )      SANCTIONS
AMERICAN INVSCO CORPORATION,                       )
                                                   )      (Docket No. 235)
            Defendant(s).                          )
                                                   )

16    Pending before the Court is Plaintiffs' motion for sanctions arising out of the judgment debtor

17 examination.  Docket No. 235.  Defendants filed responses in opposition, and Plaintiffs filed a reply.

18 Docket Nos. 236-39.  The Court finds the motion properly resolved without oral argument.  *See* Local

19 Rule 78-2.

20    The Court takes very seriously the factual allegations made by Plaintiffs in their motion,

21 including assertions of disobedience of court orders.  The Court also takes very seriously its duty to order

22 relief and sanctions that are based on sound legal authority, are supported by a sufficient evidentiary

23 showing, and are within the powers authorized to magistrate judges.  Those concerns are heightened

24 when the relief sought is as significant as Plaintiffs seek here, including a finding of contempt and

25 resulting orders of imprisonment.  With that in mind, the Court expressly advised Plaintiffs that all

26 requests for sanctions arising out of the judgment debtor examination had to be clearly enumerated and

27 supported by "legal authority establishing that such relief may be properly granted."  Docket No. 232.

28

1  Because Plaintiffs' motion failed to provide a sufficient basis for the serious sanctions sought,

2  the Court **DENIES** the motion without prejudice.

3  **I.  BACKGROUND**

4  The parties and the assigned district judge are familiar with the long history of this litigation, and

5  the undersigned will not repeat it at length here except as most relevant to the pending motion.  On

6  October 13, 2014, Plaintiffs filed a motion that Defendant/Judgment Debtor Koval Flamingo, LLC

7  ("Koval") be subjected to a judgment debtor examination and be ordered to produce documents.  Docket

8  No. 226.  Koval failed to oppose that motion, and the Court signed Plaintiffs' proposed order.  *See*

9  Docket Nos. 228-29. At the time set for the judgment debtor examination, Koval's counsel (Kenneth

10 Morgan) appeared but a representative of Koval prepared to testify did not appear.  *See* Docket No. 233.

11 The instant motion for sanctions was then filed by Plaintiffs.  Docket No. 235.

12 **II.  STANDARDS**

13 Rule 69(a)(2) allows parties to obtain discovery in aid of the judgment or execution as provided

14 by the Federal Rules of Civil Procedure or by the procedure of the state where the court is located.[1]

15 When a party or a party's officer, director or managing agent fails to obey a discovery order, the Court

16 may issue a variety of "just orders," including entry of case-dispositive sanctions, staying proceedings

17 until obedience is obtained, and/or prohibiting the disobedient party from supporting or opposing certain

18 designated claims or defenses.  *See* Rule 37(b)(2)(A).  In the context of post-judgment discovery, many

19 of the specifically-enumerated sanctions in Rule 37(b)(2)(A) are no longer applicable or would be

20 ineffective.  *See, e.g.*, *1st Tech., LLC v. Rational Enterps. Ltda*, 2008 WL 4571057, *3 (D. Nev. July

21 29, 2008), *adopted as modified*, 2008 WL 4974580 (D. Nev. Nov. 21, 2008).  Even where judgment has

22 already been entered, however, the Court may impose the effective sanction of finding that the failure

23 to comply with a discovery order should be treated as contempt pursuant to Rule 37(b)(2)(A)(vii).

24 A.  Civil Contempt

25 "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to

26 compensate the party pursuing the contempt action for injuries resulting from the contemptuous

27 ───────────────

28 [1] References to "Rules" refer to the "Federal Rules of Civil Procedure."

2

1   behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

2   "Compensatory awards are limited to 'actual losses *sustained as a result of the contumacy*.'" *Id.*

3   (emphasis in original).

4      The civil contempt power of a magistrate judge regarding failure to abide by a discovery order

5   is governed by 28 U.S.C. § 636(e). *See Aldridge v. Young*, 782 F. Supp. 1457, 1458 (D. Nev. 1991).

6   Section 636(e) in its current form provides in relevant part that where:

> the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

10  *See* 28 U.S.C. § 636(e)(6)(B)(iii) (2013).[2]  The assigned district judge then hears the evidence to

11  determine whether the conduct warrants punishment, and may impose contempt sanctions in the same

12  manner and to the same extent as for a contempt committed before the district judge himself. *See id.*;

13  *see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

14     "A court has wide latitude in determining whether there has been contemptuous defiance of its

15  order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984).  "In a civil contempt action, '[t]he moving

16  party has the burden of showing by clear and convincing evidence that the contemnors violated a specific

17  and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they were

18  unable to comply.'" *F.T.C. v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)

---

22     [2] This Court does not make it a practice to correct attorneys regarding the proper title of the undersigned.  As the very authority discussed by Plaintiffs' counsel makes clear, however, *see* Docket No. 239 at 5, the title of the undersigned's position is "magistrate judge" and not "magistrate."  That change in title was made by Congress nearly 25 years ago. *See, e.g.*, *Williams v. City of Mesa*, 2010 WL 2803880, *2 n.1. (D. Ariz. July 15, 2010) (discussing relevant authority).  "Thus, a magistrate judge may be appropriately called magistrate judge or judge, but not magistrate." *Id.*

     The Court also notes that Plaintiffs' counsel at times refers to the "District Court judge," *see, e.g.*, Docket No. 235 at 6, when the proper title is "District Judge," *see, e.g.*, Docket No. 133 at 6 (signature line of Andrew P. Gordon, "United States District Judge").

1   (quoting *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)).[3]  A finding of

2   contempt is not appropriate where the contemnors have taken "all reasonable steps" to comply with the

3   Court's order.  *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir.

4   1992).  A judgment debtor's failure to comply with a post-judgment discovery order may be grounds

5   for a contempt sanction.  *See Baker v. Limber*, 647 F.2d 912, 919 (9th Cir. 1981) ("A judgment-debtor's

6   refusal to answer questions in a Rule 69 proceeding normally would justify a court's exercise of its

7   contempt power."); *see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969,

8   971 (C.D. Cal. 2008) (certifying facts for contempt finding based on violation of court's post-judgment

9   discovery order).

10         B.     Criminal Contempt

11         Whether a contempt is criminal or civil in nature depends on the substance of the proceeding and

12   the character of the relief that will be afforded.  *E.g.*, *Hicks on behalf of Feoick v. Feoick*, 485 U.S. 624,

13   631 (1988).  While a civil contempt is remedial and for the benefit of the opposing party, criminal

14   contempt is punitive and designed to vindicate the authority of the court.  *See, e.g.*, *Int'l Union, United*

15   *Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994).  "If the relief provided is a sentence of

16   imprisonment, it is remedial if the defendant stands committed unless and until he performs the

17   affirmative act required of the court's order, and is punitive if the sentence is limited to imprisonment

18   for a definite period."  *Feoick*, 485 U.S. at 631.  A civil contempt sanction may become criminal over

19   time.  *See S.E.C. v. Elmas Trading Corp.*, 824 F.2d 732, 732-33 (9th Cir. 1987).

20         Criminal contempt is established when there is a clear and definite court order, the contemnor

21   knows of the order, and the contemnor willfully disobeys the order. *United States v. Doe*, 125 F.3d 1249,

22   1254  (9th Cir. 1997) (quoting *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980)).

23         A magistrate judge's authority with respect to criminal contempt is primarily divided into two

24   types.  First, when contemptuous behavior occurs "in the magistrate judge's presence so as to obstruct

25   the administration of justice," a magistrate judge has the power to invoke summary criminal contempt

26

27         _____

28         [3] There need not be an intentional violation of the order to find a party in civil contempt.  *See, e.g.*,
    *General Signal*, 787 F.2d at 1379.

4

sanctions.  *See* 28 U.S.C. § 636(e)(2).  Second, when contemptuous behavior occurs outside the presence of the magistrate judge, a magistrate judge may certify such facts to the district judge and order the contemnor to appear for a show cause hearing.  28 U.S.C. § 636(e)(6)(B)(ii).

Either form of criminal contempt invokes procedural protections for the contemnor.  The precise procedural protections that apply depend on the context of each particular case.  For example, different procedural protections are invoked depending on the severity of the criminal penalties at issue, and "serious criminal penalties" may only be imposed after "the contemnor [is] afforded the full protection of a criminal jury trial."  *F.J. Hanshaw Enters. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1138 (9th Cir. 2001).  Moreover, the procedural protections vary depending on whether the contemptuous behavior occurred in the judge's presence:

> An individual charged with an indirect criminal contempt is entitled to the right to be advised of the charges; the right to a disinterested prosecutor; the right to assistance of counsel; a presumption of innocence; proof beyond a reasonable doubt; the privilege against self-incrimination; the right to cross-examine witnesses; the opportunity to present a defense and call witnesses; and the right to a jury trial if the fine or sentence imposed will be serious.

*Id.* at 1139 (internal citations omitted).[4]

C.   Sanctions Against Non-Parties

Rule 37(b)(2)(A) provides that a "party or a party's officer, director, or managing agent" may be sanctioned for disobeying an order to provide discovery, up to and including imposition of a contempt sanction.  As the Ninth Circuit has recognized:

> It is imperative that we hold these officers in contempt if we are to have respect for and obedience to our orders in such cases. Our order was intended to protect legal rights. Contempt proceedings are unnecessary when such rights are honored. Responsibility must reach those with the power to alter the prohibited conduct.

---

[4] Plaintiffs at times refer to state statutes regarding criminal contempt sanctions.  *See, e.g.*, Docket No. 235 at 2.  While Rule 69 allows post-judgment discovery as authorized by either the Federal Rules of Civil Procedure or by state law, *see* Rule 69(a)(2), it is unclear to the Court why the contempt powers of the undersigned would be governed by state law rather than by federal statute.

1   *N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 634 (9th Cir. 1977).  Quite

2   simply, "[a]n order to a corporation binds those who are legally responsible for the conduct of its

3   affairs."  *United States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988).

4          "Generally, to be held liable in contempt, it is necessary that a non-party respondent must either

5   abet the defendant or must be legally identified with him."  *Sequoia Dist. Council*, 568 F.2d at 633.  "In

6   order to hold a corporate officer in contempt, the movant must show that he or she had notice of the

7   order and its contents."  *1st Technology*, 2008 WL 4571057, at *7 (citing *Elec. Workers Pension Trust*

8   *Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 380 (6th Cir. 2003)).[5]

9   **III.   ANALYSIS**

10         In this instance, Plaintiffs request six forms of sanctions:

11              (1) that the undersigned certify facts to the assigned district judge for him to hold a show
                cause hearing as to why Koval's post-trial motions and oppositions should not be
12              stricken;

13              (2) that the undersigned certify facts to the assigned district judge for him to hold a show
                cause hearing as to why Bruce Seyburn should not be arrested and held in criminal
14              contempt and imprisoned until he complies with the undersigned's order setting the
                judgment debtor examination;
15
16              (3) that the *pro hac vice* order for Koval's counsel, Kenneth Morgan, be revoked;

17              (4) that an order to show cause issue as to why Steven Gouletas and Bruce Seyburn not
                be held in criminal contempt and imprisoned for destroying documents in violation of
18              a state court temporary restraining order;

19              (5) that an order to show cause be issued by the assigned district judge why the judgment
                against Koval should not be doubled; and
20
                (6) that Plaintiffs be awarded attorneys' fees and costs for bringing the motion for
21              judgment debtor examination and preparing for the examination.

22         The Court will address each requested form of relief sought below in turn.  Before the Court does

23   so, however, it notes an overarching problem with Plaintiffs' motion:  Plaintiffs fail to provide any

24   meaningful discussion showing that Koval violated a clear and definite court order.  While that

25   shortcoming may seem obvious to Plaintiffs, that analysis is the necessary first step in any contempt

26   _____

27         [5] The Ninth Circuit has concluded that corporate officers may be found to have actual notice of an
     order's terms by virtue of evidence showing their long-standing relation to the underlying controversy.  *See*
28   *Sequoia Dist. Council*, 568 F.2d at 634.

1    order, and the Court believes it important for Plaintiffs to discuss the standards and explain how they

2    are met.  Similarly, the factual assertions made in the brief are often done so in a disorganized manner

3    and without citation to evidence.

4              A.    Striking of Briefing

5              The pending motion seeks issuance of an order for Koval to show cause why its post-trial

6    motions and other briefing should not be stricken.  Courts have "broad equitable power to order

7    appropriate relief in civil contempt proceedings." *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).

8    Nonetheless, in addressing violations of discovery orders, "courts are generally reluctant to impose novel

9    sanctions of a sort not mentioned in [Rule 37(b)(2)]."  *1st Technology*, 2008 WL 4571057, at *4 (citing

10   Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2289).  Magistrate Judge George W.

11   Foley, Jr. faced a similar request in *1st Technology*, in which the movant sought an order prohibiting the

12   disobedient party from presenting any arguments or filing any documents until it had complied with the

13   discovery order.  *Id.*  Judge Foley rejected that request because the movant failed to explain how such

14   a sanction was not overly-broad and how it fit with the disobedience at issue.  *See id.* ("It is conceivable,

15   however, that there are potential future matters that the Court would and should permit the [disobedient

16   party] to address, notwithstanding their failure and refusal to comply with the discovery order").

17   Nonetheless, Judge Foley left open the possibility of prohibiting the disobedient party from making

18   specific arguments or filings, especially when the failure to comply with the discovery order "is relevant

19   to the type of relief being sought by [the disobedient party]."  *Id.*

20             In this case, Plaintiffs have failed to explain why the factual circumstances presented render such

21   a form of sanction appropriate, have failed to explain the specific arguments and filings at issue (and any

22   relation they have to the conduct currently before the Court), and have failed to provide legal authority

23   establishing that it is a proper sanction under the applicable rules.

24             B.    Imprisonment of Bruce Seyburn

25             The pending motion seeks the issuance of an order for Bruce Seyburn to show cause why he

26   should not be arrested and held in criminal contempt until he complies with the order setting the

27   judgment debtor examination.  *See, e.g.*, Docket No. 235 at 2.  This request appears to be based on the

28   assertion that the "business entity controlling KOVAL was controlled by Bruce Seyburn."  *Id.* at 8.  It

1   appears that this sanction is sought for Bruce Seyburn not appearing at the judgment debtor examination

2   to testify on behalf of Koval.  *See* Docket No. 239 at 13.

3       As a threshold matter, Plaintiffs failed to address the standards discussed above for holding Mr.

4   Seyburn in contempt as a non-party.  *See* Section II.C.  Second, while Plaintiffs refer to "criminal"

5   contempt, it appears that the imprisonment that they seek may be civil in nature since the term of

6   imprisonment may be ended through compliance.  *See* Section II.B.  Hence, Plaintiffs fail to explain

7   clearly whether they are seeking criminal or civil contempt sanctions.

8       C.   Pro Hac Vice Revocation

9       The pending motion seeks the revocation of the *pro hac vice* status of Koval's attorney, Mr.

10  Morgan.  Plaintiffs contend that Mr. Morgan has engaged in misrepresentations, discovery violations,

11  and other misconduct.  *See* Docket No. 235 at 9.  As an initial matter, Plaintiffs failed to clearly

12  articulate each instance of misconduct and support their allegations with evidentiary support.  Moreover,

13  Plaintiffs failed to provide even the most basic standards that apply to a determination of whether an

14  attorney's *pro hac vice* status should be revoked.  Plaintiff refers to *Chenin v. Encore*, but fails to

15  provide a proper citation such that the Court could locate that case or clearly explain what standards are

16  established by that case.  *See* Docket No. 239 at 17.

17      D,   Destruction of Documents

18      The pending motion seeks the initiation of contempt proceedings against Bruce Seyburn for

19  destroying documents in violation of a restraining order.[6]  As currently presented, this request is not

20  sufficiently developed for several reasons.  First, Plaintiffs do not clearly identify the order that they

21  contend was violated.  Plaintiffs did not attach that order as an exhibit to the pending motion, nor did

22  they provide a quotation of its relevant content.  Second, it appears that the restraining order was issued

23  by the state court in another case.  *See* Docket No. 235 at 4 (referring to the "temporary restraining order

24  issued by the State court").  Plaintiffs provide no legal authority or argument that this Court has the

25  power to initiate contempt proceedings against individuals for their purported violation of a state court

26

27          [6] Plaintiffs initially sought imprisonment for Steven Gouletas, as well, but withdrew that request in

28  their reply brief.  *See* Docket No. 239 at 16.

order.[7]  Third, the primary issue before the Court relates to the alleged failure to comply with this Court's judgment debtor examination order.  While that order required, *inter alia*, the production of documents, it is not entirely clear why sanctions are being sought for alleged document destruction at an earlier time through the pending motion.  *Cf.* Special Order No. 109, Section III.F.4 (separate motions must be filed when raising separate issues or requesting separate relief).  Fourth, Plaintiffs failed to provide meaningful discussion (and evidence) regarding the role of Mr. Seyburn in the destruction of the evidence.  *See* Section II.C.  Fifth, Plaintiffs fail to explain clearly whether they are seeking criminal or civil contempt sanctions.  *See* Section II.B.

### E.    Doubling the Judgment

The pending motion seeks issuance of an order to show cause why the amounts of the judgments against Koval should not be doubled pursuant to 18 U.S.C. § 3571(d).  As an initial matter, Plaintiffs fail to explain how the cited statutory provision is applicable in instances such as that before the Court.  Moreover, Plaintiffs fail to explain whether the sanction is meant to be compensatory, coercive, or punitive in nature, which impacts the Court's analysis of its appropriateness, the form in which the sanction is imposed (*e.g.*, payable to the court or to the party), and various procedural issues.

### F.    Attorneys' Fees and Costs

The pending motion seeks an award of Plaintiffs' attorneys' fees and costs.  *See* Docket No. 235 at 2.  Plaintiffs fail to explain under what legal provision(s) they are seeking fees and costs.[8]  While

---

[7] The Court focuses herein on Plaintiffs' contention that a state court restraining order was violated because that is how Plaintiffs' motion is framed.  Of course, the Court is not suggesting that parties only have a duty to preserve relevant evidence when an order has been issued that it do so.  *Cf. Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (spoliation of evidence occurs when there is "destruction or material alteration of evidence or [] the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation").

[8] Plaintiffs rely on comments made by the Court at the hearing at the judgment debtor examination in seeking costs and fees.  *See, e.g.*, Docket No. 239 at 3, 4.  As the Court clarified through its written order, however, Plaintiffs' motion was required to "specify all relief that Plaintiffs are seeking arising out of the scheduled judgment debtor examination, and must provide legal authority establishing that such relief may be properly granted."  Docket No. 232.

9

Plaintiffs most likely are seeking the payment of their expenses pursuant to Rule 37(b)(2)(C), they have not made that clear and have not addressed the relevant standards or considerations for such an award.

**IV.      CONCLUSION**

Plaintiffs' motion raises serious allegations of misconduct.  It also seeks the imposition of significant sanctions, including imprisonment.  Because the Court finds that the motion is not properly supported as currently presented, it is hereby **DENIED** without prejudice.

The Court herein expresses no opinion as to whether sanctions are appropriate and, if so, what sanctions should be imposed.  To the extent a motion for sanctions is renewed, Plaintiffs should ensure that it discusses the relevant standards, provides an evidentiary basis for its factual assertions, and provides meaningful discussion explaining why each sanction is appropriate as to each person or entity against whom sanctions are sought.  Any such renewed motion shall be filed within 14 days of the issuance of this order.

**IT IS SO ORDERED.**

DATED: February 20, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge