**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| FRANK TADDEO and AMELIA TADDEO,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INVSCO CORPORATION, a Delaware Corporation; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC, a Nevada limited-liability company; CONDOMINIUM RENTAL SERVICES, INC., an Illinois corporation; REBEKAH DESMET,<br><br>Defendants. | Case No. 2:12-cv-01110-APG-NJK<br><br>**ORDER ON MOTIONS FOR ATTORNEYS' FEES**<br><br>(Dkt. ##189, 192, 194) |

Plaintiffs Frank Taddeo and Amelia Taddeo brought securities and various common law claims against defendants American Invsco Corp. ("AIC"), Nicholas Gouletas, Koval Flamingo, LLC ("Koval"), Condominium Rental Services Inc. ("CRS"), and Rebekah Desmet. Plaintiffs' claims arose from their purchase of a condo from defendants. I dismissed plaintiffs' securities claims and the case proceeded to trial on the remaining claims.

At trial, plaintiffs prevailed on their claims against Koval and AIC and failed in their claims Gouletas, CRS, and Desmet. Koval and AIC have moved for judgment as a matter of law and for a new trial. The parties now move for attorneys' fees.

I deny plaintiffs' request because they have failed to establish they are entitled to fees and because their request is premature given that they are likely to bill additional fees related to pending motions. I dismiss defendants' request for full reimbursement of their fees because they have failed to establish they are entitled to full reimbursement and they improperly request fees incurred in other cases.

But I grant defendants the fees they incurred defending the securities claims in this case. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), defendants are entitled to fees if plaintiffs brought claims that were not reasonably supported by law or fact. Plaintiffs fail to adequately address defendants' arguments related on this point, and plaintiffs' own evidence indicated a statute of repose applied to their failure to register claims.

**I.      Legal Standard: Attorneys' fees**

The "American Rule" is that each party is generally responsible for its own attorneys' fees.[1] However, an award of reasonable attorneys' fees may be proper where a contract or statute shifts them to the losing party.[2]

Once a party establishes it is owed fees, the relevant inquiry becomes what fees are reasonable.[3] The reasonableness of attorneys' fees is determined using the "lodestar" figure.[4] The lodestar is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[5] Generally, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won."[6] A reasonable rate is determined based on the prevailing rate in the community where the court sits.[7]

Requests for attorneys' fees should typically be decided after all relevant motions in the case have been resolved so that the court knows who prevailed and may accurately determine the

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

[2] *See, e.g., United States v. Standard Oil Co. of Cal.,* 603 F.2d 100, 103 (9th Cir.1979).

[3] I address below whether each party is entitled to fees.

[4] *Caudle v. Bristow Optical Co., Inc.,* 224 F.3d 1014 (2000).

[5] *Id.*

[6] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

[7] *Id.*

hours billed by the attorneys.[8]  Parties generally cannot request fees for time billed on different cases.[9]

## II.     Plaintiffs' motion for attorneys' fees

Plaintiffs argue they are entitled to fees because two agreements between the parties included fee-shifting provisions.  But the contracts' fee-shifting provisions apply to plaintiffs' efforts to enforce obligations under the contracts and, considering that $2,000,000 of plaintiffs' recovery arose from tort claims, this case does not appear to primarily relate to plaintiffs' efforts to enforce contractual obligations.  Tort obligations arise from the common law, not from a contract.  And courts have denied fee requests predicated on contractual provisions where an action is "not properly construed as an action on the contract but instead one primarily seeking redress . . . for torts."[10]  Plaintiffs may be entitled to fees under Nevada law pursuant to the

---

[8] *Lima v. Wachovia Mortgage Corp.,* No. C09-04798 TEH, 2010 WL 1223234, at *7 (N.D. Cal. Mar. 25, 2010); *Waikoloa Dev. Co. v. Hilton Resorts Corp.*, No. CIV. 13-00402 DKW, 2014 WL 4449895, at *1 (D. Haw. Sept. 9, 2014) (denying a motion for attorneys' fees as premature and noting that "counsel continue to incur fees in this case. While the motion for fees has been pending, counsel engaged in motions practice and attended a settlement conference."); *Young v. Bank of New York Mellon,* 848 F.Supp.2d 1184, 1194 (D.Haw. 2012) (declining to reach attorneys' fees issue because it was premature); *Gemini Ins. Co. v. Kukui'ula Dev. Co.* (Hawaii), LLC., No. CIV. 10-00637 LEK, 2013 WL 1103338, at *1 (D. Haw. Feb. 28, 2013) report and recommendation adopted sub nom *Gemini Ins. Co. v. Kukui"ula Dev. Co.* (Hawaii), LLC., No. 1:10-CV-00637-LEK, 2013 WL 1103295 (D. Haw. Mar. 15, 2013).

[9] *Carmack v. Chase Manhattan Bank,* No. C07-02124 WHA, 2007 WL 3232447, at *2 (N.D. Cal. Nov. 1, 2007).  There are exceptions where parties may request fees for time spent on other cases, such as where a party requests fees for a class action.

[10] *Peele v. Colinas De Capistrano Homeowners Ass'n.,* 19 F. App'x 666, 667 (9th Cir. 2001). *But see In re Barlaam*, No. ADV 11-01402-GM, 2014 WL 3398381, at *14 (B.A.P. 9th Cir. July 11, 2014) (noting that, under California law, "[i]f a contractual attorney fee provision is phrased broadly enough . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims").

3

contractual shifting provision or statute, but plaintiffs have not provided adequate points and authorities on this issue.[11]

Additionally, ruling on plaintiffs' motion is premature.[12] There are pending motions for a new trial and for judgment as a matter of law that could impact whether plaintiffs are the prevailing parties and will likely impact the fees plaintiffs are owed (assuming they are).[13]

I therefore deny plaintiffs' request for attorneys' fees and costs[14] without prejudice. Plaintiffs may refile their motion after I rule on the other pending post-trial motions, assuming they can establish they are entitled to fees.

**III.    Desmet's motion for attorneys' fees**

As explained above, a party is not entitled to attorneys' fees merely because she prevailed in a lawsuit. Desmet requests fees under 28 U.S.C. § 1927 and N.R.S. 18.010. These statutes shift fees to the prevailing party where the court finds either the opposing attorney "multiplies the proceedings in any case unreasonably and vexatiously,"[15] or the opposing party brought a claim

---

[11] *See* L.R. 7-2. Plaintiffs merely cite the contractual language and state, without authority, that the contracts "expressly" authorize fees and there is "ample authorization" for fees. But both contracts contain language appearing to limit the fee-provisions' application to tort claims. For example, the Condominium Unit Apartment Lease states that the shifting provision applies to fees incurred "in successfully enforcing Lessee's obligations." (Dkt. #192 at 4-5.) The Condominium Purchase Agreement states that the shifting provision applies to "recovery of damages for breach of the terms of this agreement." (*Id*.)

[12] *Lima v. Wachovia Mortgage Corp.,* No. C09-04798 TEH, 2010 WL 1223234, at *7 ("The Court agrees that, since the pending Rule 60(b)(1) put into question Wachovia's status as the prevailing party, its motion for attorneys' fees was premature.").

[13] In addition, defendants have not yet responded to plaintiffs' motion because of the existence of the pending motions.

[14] Plaintiffs' request for costs is also premature given that other pending post-trial motions remain unresolved.

[15] 28 U.S.C. § 1927.

4

"without reasonable ground or to harass the prevailing party."[16] Desmet has failed to prove that either of these statutes applies here.

The Ninth Circuit has interpreted § 1927's "unreasonably and vexatiously" language to require subjective bad faith—meaning that the attorney recklessly or knowingly raised a frivolous argument or argued a claim for the purposes of harassment.[17] In fact, a finding of subjective bad faith is "crucial" as a frivolous argument by itself is insufficient to support an award of sanctions under § 1927.[18]

Desmet fails to provide any analysis or evidence regarding whether plaintiffs brought their claim in subjective bad faith. Desmet merely states, without citation to authority, that the statute "may be applied in light of the evidence, or the lack of evidence concerning conversion." This is insufficient.[19] As Desmet notes, plaintiffs introduced some evidence in support of their conversion claim against her. Desmet implicitly argues that plaintiffs' evidence was defective because it was merely circumstantial, arguing that "there were no witnesses to the taking of plaintiffs' property." But a claim may be proven by circumstantial evidence.[20] A jury found in Desmet's favor, but that does not mean plaintiffs necessarily brought their claims in bad faith.

N.R.S. 18.010 requires Desmet to point to evidence "in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other

---

[16] N.R.S. 18.010.

[17] *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989).

[18] *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986).

[19] *Kohler v. Flava Enterprises, Inc.,* No. 11-56814, 2015 WL 968232, at *3 (9th Cir. Mar. 6, 2015) (affirming denial of fees because party merely made "allegations of subjective bad faith").

[20] *United States v. Nelson*, 419 F.2d 1237, 1240 (9th Cir. 1969).

party."[21] Again, Desmet fails to provide any evidence or analysis sufficient for me to find that plaintiffs brought their claim without reasonable grounds or to harass Desmet.

Additionally, Desmet appears to improperly request fees for work performed on actions other than this one. For example, she requests fees for the following entries: "review every court email with documents **filed in all four cases**," "prepare list of causes of action **in each case**," "review . . . [discovery motions] from Mushkin **in 1104, 1106, 1108, and 1110**."[22] Desmet cannot request fees for cases other than this one.[23] Desmet does not suggest that she has apportioned out these fees.

**IV.   Defendants' request for fees related to the security claims**

AIC, Gouletas, and CRS argue they are entitled to fees under the PSLRA for the security claims they prevailed on. After the case is over, the PSLRA requires me to "include in the record specific findings regarding compliance by each party . . . with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure."[24] Section 78u–4(c)(2) requires me to impose mandatory sanctions for violations of Rule 11(b).[25] A party violates Federal Rule of Civil Procedure 11(b) by submitting pleadings for an improper purpose or making claims or factual contentions without legal or evidentiary support.[26] The PSLRA does not alter the substantive standards for finding a violation of Rule 11; it merely functions to reduce discretion in choosing whether to conduct the Rule 11 inquiry and whether and how to sanction a party once a violation is found.

---

[21] *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479 (2005).

[22] (Dkt. #194 at 11-14 (emphasis added).)

[23] Desmet, as well as the other defendants, fail to explain how she can request attorneys' fees in this case for work conducted related to other cases.

[24] 15 U.S.C. § 78u–4(c)(1).

[25] 15 U.S.C.A. § 78u–4(c)(3).

[26] *Truesdell v. S. Cal. Permanente Med. Grp.,* 209 F.R.D. 169, 173–74 (C.D. Cal. 2002).

6

Even if Rule 11 is violated, a party is not necessarily entitled to full reimbursement of attorneys' fees. Full reimbursement of attorneys' fees is presumed appropriate only if the violations were "substantial." Where the violation is substantial, full reimbursement may still be inappropriate where: (1) the violations are, in light of the case as a whole, de minimis; or (2) award of fees would be unjust.[27] The Second Circuit explains that the de minimis exception applies when non-frivolous claims "are of a quality sufficient to make the suit as a whole non abusive and the Rule 11 violation not substantial."[28]

Defendants argue plaintiffs violated Rule 11 because (1) they repeatedly failed to adequately allege their security claims and (2) I ultimately dismissed based on plaintiffs' own evidence that the statute of repose was triggered. Plaintiffs fail to provide any meaningful opposition on this point.[29] Plaintiffs merely state that the securities claims were "one of many claims" brought and that some of these claims should have been allowed. Plaintiffs neglect to even address defendants' arguments related to the failure to register claim. I find that plaintiffs violated Rule 11 in continuing to assert at least the failure to register claim after a reasonable inquiry would have revealed this claim had no merit.

But defendants fail to provide analysis or evidence regarding whether these violations were substantial, and more importantly, whether plaintiffs' non-frivolous claims make the suit as, a whole, non-frivolous. The thrust of plaintiffs' case consisted of their fraud and contract claims. These were clearly non-frivolous claims given plaintiffs' success on the merits. And as noted by

---

[27] 15 U.S.C. § 78u-4(c)(3)(A)(ii).

[28] *Gurary v. Nu-Tech Bio-Med, Inc.,* 303 F.3d 212, 215 (2d Cir. 2002).

[29] Plaintiffs' failure to respond to defendants' argument regarding whether the security claims violated Rule 11 can be treated as consent to defendants' argument. *See* L.R. 7-2.

plaintiffs, there were non-frivolous arguments to support at least some of the security claims. I find that defendants are thus not entitled to full reimbursement of their fees.

Defendants also fail to properly apportion their fees between the various cases. Defendants cannot seek fees in this case for work done on other cases.

Because plaintiffs failed to adequately oppose defendants' arguments, and because plaintiffs' own evidence indicated the statute of repose applied to the failure to register claim, I find plaintiffs violated Rule 11 with regard to this claim. But because I do not find plaintiffs' violations to be substantial, and given that the security claims were a small component of this otherwise non-frivolous case, I award defendants attorneys' fees and costs incurred while defending against the security claims only. Defendants must file an affidavit and other documentation sufficient to establish the fees incurred defending against the security claims. Defendants must properly apportion their calculation to ensure only fees related to this case are included.

**V.    CRS' and Gouleta's request for fees under § 1927 and N.R.S. 18.010**

CRS and Gouleta also seek attorneys' fees under § 1927 and N.R.S. 18.010. These defendants argue plaintiffs must have been asserting their conversion and contract claims in bad faith or with unreasonable grounds because little supporting evidence was introduced at trial. But plaintiffs' key witness on these claims, John Ofria, left the state and could not be located for trial. CRS and Gouleta appear to have been involved in the underlying factual events. Other than the lack of evidence admitted at trial, defendants provide little other evidence or analysis to suggest plaintiffs brought their claims against these defendants in bad faith or with unreasonable grounds.

Further, as mentioned above, defendants have not properly apportioned out their requested fees given that many of their bills relate to other matters. Defendants appear to request fees for

8

time worked on the cases before they were severed without any sort of apportionment.[30] Defendants also appear to request fees for work done on other cases. Finally, ruling on defendants' motion for fees incurred on the non-security claims is nevertheless premature. There are pending motions for a new trial and for judgment as a matter of law that will likely impact the fees defendants are potentially owed.

## VI. Conclusion

IT IS THEREFORE ORDERED that plaintiffs' motion for attorneys' fees (Dkt. #192) is DENIED without prejudice.

IT IS FURTHER ORDERED that defendants' motions for attorneys' fees (Dkt. #189, 194) are DENIED in part and GRANTED in part. I find defendants AIC, Gouletas, and CRS are entitled to attorneys' fees and costs incurred in defending against plaintiffs' securities claims. Defendants shall file affidavits and other supporting documentation as to the fees and costs incurred defending against these securities claims, in this case only. Defendants' motions are DENIED without prejudice in all other respects.

DATED THIS 17th day of March, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[30] *See* (Dkt. #189-1 at 2-15 (entries referring to time spent on the "Edalatdju action," the "Kosa # 1108 action," and the "Kosa #1111 action").)