UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO, et al., ) | Case No. 2:12-cv-01110-APG-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| AMERICAN INVSCO CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

    Pending before the Court are a motion to quash a subpoena and a motion for protective order. Docket Nos. 297, 298. These motions were filed at 4:48 p.m. on December 8, 2015, and seek a protective order regarding the deposition of Nicholas Gouletas noticed for 1:00 p.m. on December 9, 2015, in Chicago, Illinois. *See id.* at 1. This deposition was noticed a month ago, on November 10, 2015. *See id.* at 4. Moreover, the dispute concerning this deposition has been percolating for at least seven months. *See* Docket Nos. 255, 257 (motions for protective order); *see also* Docket Nos. 256, 258 (orders denying those motions for failing to sufficiently explain this Court's jurisdiction over the dispute). Hence, movant has known of this dispute for a significant period of time and the subject deposition was noticed roughly 30 days after the subpoena was served; but the pending motions were filed less than 24-hours prior to the deposition.

    "When an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright." *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d

____, 2015 WL 6123192, *4 (D. Nev. Oct. 16, 2015). Courts are especially reluctant to allow attorneys to manipulate the rules to *de facto* grant themselves the relief they are seeking through the delayed filing of their motion. *See id.* at 3. Judges in this District have denied as untimely motions seeking relief as to a noticed deposition that were filed on the eve of the deposition despite ample prior notice. *See, e.g.*, *Allstate Ins. Co. v. Nassiri*, 2011 WL 4905839, *1 (D. Nev. Oct. 14, 2011). For example, in *Nassiri*, United States District Judge James C. Mahan overruled objections to an order by United States Magistrate Judge George W. Foley that a motion to quash a subpoena should be denied as untimely when the subpoena provided three weeks notice of the deposition but the motion to quash was filed only three days before the deposition. *See id.*

The timing of the pending motions appears to be even more problematic than the timing set forth in *Nassiri*. As such, movant Nicholas Gouletas is **ORDERED** to show cause, no later than December 14, 2015, why his motions should not be denied with prejudice as untimely. Plaintiffs shall respond to the pending motions no later than December 21, 2015, and any reply shall be filed no later than December 23, 2015.

IT IS SO ORDERED.

Dated: December 9, 2015

NANCY J. KOPPE
United States Magistrate Judge