# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

FRANK TADDEO and AMELIA TADDEO,

Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al*.,

Defendants.

Case No. 2:12-cv-01110-APG-NJK

**ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1**

(Dkt. #269)

Defendant Koval Flamingo, LLC moves for me to reconsider my Order (Dkt. #260) denying the defendants' post-trial motions under Federal Rules of Civil Procedure 50(b) and 59. However, before the plaintiffs responded, Koval filed a notice of appeal. (Dkt. #273.) The parties did not continue briefing the matter, presumably because I was divested of jurisdiction when Koval filed the notice of appeal. *See* Fed. R. App. P. 4 (allowing certain types of motions to extend the time to file an appeal until after the district court resolves the motions, but a motion to reconsider denial of a Rule 50(b) or Rule 59 motion is not among those listed).

Although I lack jurisdiction to resolve the motion, I have reviewed it and find that it raises a substantial issue. *See* Fed. R. Civ. P. 62.1. I express no opinion on whether I would grant or deny the motion because the parties have not fully briefed it. There may be counter arguments to the issues raised in the motion, including potential waiver concerns given that the defendants (1) did not offer a proposed jury instruction on the measure of damages for the fraudulent concealment claim that they now contend is the proper standard and (2) did not argue during their Rule 50(a) motion that the plaintiffs had failed to offer competent evidence to support damages for their fraudulent concealment claim based on the out-of-pocket damages standard. (*See* Dkt. #148; Dkt. #162; Dkt. #198 at 83-103, 108-12.) Additionally, the plaintiffs have not had the opportunity to address whether out-of-pocket damages are confined solely to the test Koval

1   articulates. *See Davis v. Beling*, 278 P.3d 501, 512-13 (Nev. 2012).  Nor have the plaintiffs

2   responded to Koval's contention that there is no evidence in the record that that the plaintiffs

3   attempted to sell the property but could not.

4         IT IS THEREFORE ORDERED that the clerk of court shall administratively close

5   defendant Koval Flamingo LLC's motion for reconsideration (Dkt. #269) because I lack

6   jurisdiction to consider it.

7         IT IS FURTHER ORDERED that I find under Federal Rule of Civil Procedure 62.1 that

8   defendant Koval Flamingo LLC's motion for reconsideration (Dkt. #269) raises a substantial

9   issue.[1]

10        DATED this 22nd day of January, 2016.

11

12                               ANDREW P. GORDON

13                               UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26        [1] Defendant Nicholas Gouletas filed a notice of bankruptcy. (Dkt. #312.)  The filing of a petition

27  for bankruptcy operates as an automatic stay of the commencement or continuation of any action against a bankrupt debtor or against the property of a bankrupt estate. 11 U.S.C. § 362(a).  To the extent this Order

28  may be construed as violating the automatic stay, it does not apply to defendant Gouletas.