UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK TADDEO and AMELIA TADDEO,<br><br>                Plaintiffs,<br><br>v.<br><br>AMERICAN INVSCO CORPORATION, *et al.*,<br><br>                Defendants. | Case No. 2:12-cv-01110-APG-NJK<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART RENEWED MOTION FOR ATTORNEY'S FEES AND (2) GRANTING IN PART AND DENYING IN PART BILL OF COSTS**<br><br>(Dkt. #190, #265) |

Defendants American Invsco Corporation, Condominium Rental Services, Inc. ("CRS"), and Nicholas Gouletas[1] renew their motion for attorney's fees and costs related to the securities claims brought against them. I previously ruled that these three defendants are entitled to recover attorney's fees and costs incurred in defending against the securities claims only. (Dkt. #251 at 8.) I therefore directed them to file supporting documentation and to apportion their fees to reflect only (1) fees incurred in defending against the securities claims and (2) fees related to this case. (*Id.*)

The defendants contend they incurred the relevant fees while this matter was still part of the consolidated action under case number 2:08-cv-01463-KJD-RJJ. In defending against the securities claims, the defendants filed a motion for more definite statement and reply, and two

---

[1] Defendant Gouletas filed a notice of bankruptcy. (Dkt. #312.) The filing of a petition for bankruptcy operates as an automatic stay of the commencement or continuation of any action against a bankrupt debtor or against the property of a bankrupt estate. 11 U.S.C. § 362(a). A ruling awarding fees to the moving defendants, including Gouletas, does not violate the automatic stay because it is consistent with the two primary purposes behind the automatic stay: protecting the debtor against collection efforts by creditors and protecting the debtor's creditors vis-à-vis each other. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755-56 (9th Cir. 1995). In granting the motion for attorney's fees, I need not "consider other issues presented by or related to the underlying case" because prior to Gouletas filing for bankruptcy, I had already determined the defendants were entitled to fees and only the amount is now at issue. *Id.* at 756. My ruling awarding Gouletas fees will not harm the estate. *Id.* at 756-57. Rather, awarding Gouletas fees would "inure to the benefit of the bankruptcy estate." *Parker v. Bain*, 68 F.3d 1131, 1138 (9th Cir. 1995) (quotation omitted).

motions to dismiss and replies. The defendants incurred a total of $59,366.40 in attorney's fees in relation to these documents. The defendants acknowledge that their billing statements do not break out the fees incurred specifically in defending against the securities claims. The defendants thus suggest either a fifty percent reduction or that I make my own adjustment. As to apportionment related to this case, the defendants suggest that the plaintiffs bear either (1) fifty percent of the fees incurred because of their prominent role in the formerly consolidated action or (2) one sixth of the fees because the consolidated action was subsequently broken into six federal lawsuits.

The plaintiffs respond that the filings upon which the defendants base their fee request show that only a fraction of those documents addressed the securities claims, and thus the $59,366.40 must be reduced to reflect only the portions of those documents devoted to the securities claims. Alternatively, the plaintiffs suggest an apportionment of ten percent because the securities claims were approximately ten percent of the claims the plaintiffs brought. The plaintiffs contend that whatever method used, the amount of fees must be reduced even further because the motions and replies at issue were filed on behalf of several defendants, not just the three who were awarded fees. The plaintiffs also suggest a one sixth case apportionment.

Defendants CRS and Nicholas Gouletas separately filed a bill of costs based on their status as prevailing parties under Rule 54. (Dkt. #190.) The plaintiffs argue these defendants should not be awarded any costs because they did not apportion by defendant or by case.

**A. Renewed Motion for Attorney's Fees & Costs for Securities Claims (Dkt. #265)**

As stated in my prior Order, the defendants are entitled to recover attorney's fees incurred in defending against the securities claims only. The defendants have identified six documents they prepared in defending against these claims. (Dkt. Nos. 81, 173, 341, 369, 709, and 760 in 2:08-cv-01463-KJD-RJJ.)

The first of these documents is a 25-page motion for more definite statement filed on behalf of the moving defendants and six other defendants. (Dkt. #81 in 2:08-cv-01463-KJD-RJJ.) Of those 25 pages, less than two full pages are devoted to the securities claims. (*Id.* at 21-22.)

Because the allegations in the first amended complaint[2] were unclear about precisely which defendants were accused of the securities violation, a reduction based on the other defendants on whose behalf the motion was filed is not warranted.

The next document is the 18-page reply to the motion for more definite statement. (Dkt. #173 in 2:08-cv-01463-KJD-RJJ.) Four and a half pages are devoted to the securities claims. (*Id.* at 11-16.) However, the complexity of the arguments related to the securities claims in the reply warrant apportioning a greater percentage of the fees incurred on the reply brief than the page count alone might suggest. Like the motion, no reduction based on the motion being filed on behalf of other defendants is warranted.

The next four documents do not separately address the securities claims. Instead, they argue that all of the plaintiffs' claims suffered from various defects. (Dkt. Nos. 341, 369, 709, and 760 in 2:08-cv-01463-KJD-RJJ.) These filings were made on behalf of nine defendants, only three of which are entitled to recover fees based on the securities claims. (*Id.*)

Because only a portion of the documents the defendants base their fee request on dealt with the securities claims, and because several of those documents were filed on behalf of defendants who are not entitled to recover fees, I apportion one quarter of the fees incurred in preparing these documents to the securities claims on behalf of the three moving defendants. The amount apportioned to the securities claims therefore is $14,841.60.

As for apportionment by case, the parties respectively argued for a one sixth claim apportionment among the six formerly consolidated cases. I agree. The fees therefore shall be further apportioned by one sixth, resulting in a total attorney's fee award of $2,473.60.

As for costs, the defendants presented no information regarding costs relating specifically to defending the securities claims or cost apportionment. I therefore award no costs on the basis of the defendants prevailing on the securities claims.

////

////

---

[2] (Dkt. #1-3 at 30-31.)

**B. Bill of Costs (Dkt. #190)**

Defendants CRS and Gouletas also filed a bill of costs based on their status as prevailing parties under Rule 54. (Dkt. #190.) Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This Rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Despite this presumption, I have discretion to refuse to award costs. *Id.* If I refuse costs, I must specify the reasons for doing so. *Id.*

These two defendants prevailed on all of the plaintiffs' claims against them and thus are presumptively entitled to recover costs. However, they are represented by the same attorneys that represent American Invsco, who was not a prevailing party. CRS and Gouletas have not apportioned for costs attributable to American Invsco. Nor have they apportioned costs attributable only to this case or to the claims on which these two defendants prevailed, as opposed to the claim on which American Invsco lost. These defendants request $12,053.75 in costs. Apportioning one sixth for this case reduces the costs to $2,008.95. Additionally, I further apportion among the three defendants to one third each. Thus, the final cost award to defendants CRS and Gouletas as prevailing parties under Rule 54(d)(1) is $1,339.30.

**C. Conclusion**

IT IS THEREFORE ORDERED that defendants American Invsco Corporation, Condominium Rental Services, Inc., and Nicholas Gouletas's renewed motion for attorney's fees and costs **(Dkt. #265) is GRANTED in part and DENIED in part**.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of defendants American Invsco Corporation, Condominium Rental Services, Inc., and Nicholas Gouletas and against plaintiffs Frank Taddeo and Amelia Taddeo in the amount of $2,473.60 in attorney's fees incurred in defending against the plaintiffs' failed securities claims.

IT IS FURTHER ORDERED that the clerk of court shall tax costs against plaintiffs Frank Taddeo and Amelia Taddeo and in favor of defendants Condominium Rental Services, Inc., and Nicholas Gouletas in the amount of $1,339.30 **(Dkt. #190)**.

DATED this 26th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE