UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANK TADDEO and AMELIA TADDEO,<br><br>            Plaintiffs,<br><br>v.<br><br>AMERICAN INVSCO CORPORATION, *et al.*,<br><br>            Defendants. | Case No. 2:12-cv-01110-APG-NJK<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS, (2) GRANTING IN PART AND DENYING IN PART BILL OF COSTS, AND (3) AWARDING PRE- AND POST-JUDGMENT INTEREST**<br><br>(Dkt. #191, #200, #267, #280) |

　　　　Plaintiffs Frank Taddeo and Amelia Taddeo move for attorney's fees and costs against defendants Koval Flamingo, LLC and for only costs against American Invsco Corporation. The plaintiffs contend they are entitled to attorney's fees against Koval because they prevailed on their breach of contract claim and the contract allows the prevailing party to recover attorney's fees. The plaintiffs argue they should be awarded all of their fees incurred in this action and the previously consolidated action because the contract and fraudulent concealment claims were based on the same conduct. Alternatively, the plaintiffs suggest an eighteen percent apportionment for the contract claim because that represents the approximate percentage of their total recovery on all claims. The plaintiffs also request taxable and nontaxable costs against both defendants. Finally, the plaintiffs seek pre- and post-judgment interest.

　　　　Koval did not respond to the renewed motion. American Invsco responds that it is not a party to a contract with the plaintiffs and therefore no attorney's fees should be awarded against it. As to costs, American Invsco argues that the plaintiffs did not prevail against three other defendants, and thus costs should be reduced by 60%. Additionally, American Invsco and Koval previously objected to the plaintiffs' bill of costs, arguing that the plaintiffs had not shown that photocopies were properly taxed under Rule 54. Neither defendant responded to the plaintiffs' request for pre- and post-judgment interest.

### A. Attorney's Fees (Dkt. #280)

The plaintiffs seek attorney's fees against Koval. Koval did not oppose the motion and therefore consents to it being granted. LR 7-2(d); LR 54-16(e). The plaintiffs prevailed on their breach of contract claim and the contract allows the prevailing party to recover attorney's fees. However, the plaintiffs are not entitled to all fees incurred in the case. First, the contract and fraudulent concealment claims were not the same and thus do not warrant a full fee award. The contract claim the plaintiffs prevailed on was based on Koval's failure to pay rent, not for concealment of a defect. (Dkt. #184 at 2.) The plaintiffs have not identified a statutory or contractual basis to recover fees for their fraudulent concealment tort claim.

Accordingly, I will apportion the attorney's fee award so that it reflects fees incurred on only the contract claim. The plaintiffs suggest an eighteen percent apportionment based on the amount recovered. Although the amount recovered does not necessarily reflect the amount of fees incurred in prosecuting a particular claim, based on my experience with the case, this is a rough approximation of the amount of work expended on the contract claim. The focus was on the fraudulent concealment claim and, a conversion claim was also asserted. I therefore will apportion the total fee award to eighteen percent for the contract claim only. The plaintiffs already apportioned the fees incurred when the cases were consolidated by one sixth. (*See* Dkt. Nos. 192 at 9, 192-1 at 2, 192-3, 192-4, 192-5 192-6, 280-1.) Accordingly, I award the plaintiffs $131,493.15[1] in attorney's fees against Koval.

### B. Costs (Dkt. #191, #280)

The plaintiffs also are entitled to costs under the contract as to Koval and as a prevailing party under Rule 54 as to Koval and American Invsco. Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This Rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Despite this presumption, I have

---

[1] $730,517.50 total fees requested x .18.

discretion to refuse to award costs. *Id.* If I refuse costs, I must specify the reasons for doing so. *Id.*

The plaintiffs prevailed on their breach of contract claim against Koval and their fraudulent concealment claim against Koval and American Invsco. Thus, they are presumptively entitled to taxable costs under Rule 54(d)(1). Koval and American Invsco object to the plaintiffs' bill of costs, arguing that the requested amount of $5,656.41 for photocopies is not supported because the plaintiffs have not shown the copies were made for allowable purposes. (Dkt. #191; Dkt. #212; Dkt. #214.) I agree. *See* LR 54-6.[2] An unexplained list of photocopy charges does not suffice because I cannot determine whether the photocopies were obtained for a taxable purpose (such as "copies of an exhibit necessarily attached to a document required to be filed and served") or for a nontaxable purpose (such as "copies obtained for counsel's own use"). *See id.* I therefore reduce the plaintiffs' bill of costs from $10,276.98 to $4,620.57.

American Invsco argues I should further reduce the costs awarded because the plaintiffs did not prevail on their claims against defendants Condominium Rental Services, Inc., Nicholas Gouletas, or Rebekah Desmet. The plaintiffs do not respond to this argument nor does their bill of costs show for what claims the costs were incurred. I am inclined to award costs only for those claims on which the plaintiffs prevailed. However, the fraudulent concealment and breach of contract claims were the dominant claims in the case. Thus, a reduction based on the number of defendants would not accurately reflect for what claims and against which defendants the costs likely were incurred. I find no further reduction is warranted.

In addition to taxable costs, the plaintiffs' request $3,083.00 in nontaxable costs under Rule 54(d)(2) and Nevada Revised Statutes §§ 18.020(3) and 18.005(12). I deny nontaxable costs. Rule 54(d)(2) allows a party to file a motion to claim nontaxable expenses. Here, the plaintiffs rely on Nevada law as a statutory source for the award of these costs because the plaintiffs prevailed on state law claims. Section 18.020(3) requires costs be awarded to the prevailing party in an action for damages "where the plaintiff seeks to recover more than $2,500."

---

[2] American Invsco incorrectly cited Local Rule 54-16.

*See U.S. Design & Const. Corp. v. Int'l Bhd. of Elec. Workers*, 50 P.3d 170, 173 (Nev. 2002) (stating an award of costs under § 18.020(3) is "mandatory"). "Although an award of costs is mandated when the damages sought exceed $2,500.00, the district court still retains discretion when determining the reasonableness of the individual costs to be awarded." *Id.* I have already awarded the plaintiffs taxable costs and have not further reduced the cost award even though the plaintiffs did not prevail against all defendants. The plaintiffs have not shown the requested nontaxable costs, which consist of unspecified shipping, runner, long distance, and legal research costs, are "reasonable" under §§ 18.005(13)-(17) or that they relate to the claims on which the plaintiffs prevailed or the parties against whom the plaintiffs prevailed. I therefore deny the request for nontaxable costs.

### C. Pre- and Post-Judgment Interest (Dkt. #200, #267, #280)

The plaintiffs request pre- and post-judgment interest. Neither Koval nor American Invsco has opposed the plaintiffs' request or objected to their calculation of interest.

"State law generally governs awards of prejudgment interest in diversity actions. . . ." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). The plaintiffs prevailed on state law claims. Under Nevada law, "[t]hree items must be determined to enable the trial court to make an appropriate award of interest: (1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate of interest must be applied.'" *Kerala Properties, Inc. v. Familian*, 137 P.3d 1146, 1148-49 (Nev. 2006).

For the plaintiffs' contract claim against Koval, the jury awarded $68,000. The rate of interest is set forth in Nevada Revised Statutes § 90.440(1)(a),[3] which the plaintiffs have calculated at 5.25%. The interest runs from the date the obligation became due. *See Kerala*, 137 P.3d at 1149; Nev. Rev. Stat. § 99.040(1). That date is October 1, 2009 when the last rent payment on the lease was due. The interest runs to the date of the judgment on August 15, 2014.

---

[3] Section 99.040(1)(a) provides that for contract cases, if the contract does not expressly fix a rate of interest, then "interest must be allowed at a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1 or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent, upon all money from the time it becomes due. . . ."

The plaintiffs are therefore awarded $17,400.00 in prejudgment interest against Koval for the contract claim. (*See* Dkt. #200 at 5 for calculation.)

For the plaintiffs' fraudulent concealment claim, the jury awarded $304,424.00. The plaintiffs calculated the same 5.25% rate. *See* Nev. Rev. Stat. § 17.130(2).[4] The interest for a tort claim runs from the date of the service of the summons and complaint until the date of judgment. *Id.* The plaintiffs therefore are awarded $90,989.41 in prejudgment interest against Koval and American Invsco. (*See* Dkt. #200 at 6 for calculation.)

Finally, post-judgment interest is mandatory and runs from the date of judgment until satisfied. *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 518 F.3d 1013, 1017-18 (9th Cir. 2008). Even in diversity cases, "federal law determines the rate of post judgment interest." *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1055 (9th Cir. 2013). That rate is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961. The rate for the week ending August 8, 2014 was .11%. Post-judgment interest therefore shall run on the entire amount of the judgment at a rate of .11%, compounded annually,[5] from August 15, 2014 until satisfied.

### D. Conclusion

IT IS THEREFORE ORDERED that the plaintiffs' renewed motion for attorney's fees and costs **(Dkt. #280) is GRANTED in part and DENIED in part**.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of plaintiffs Frank Taddeo and Amelia Taddeo and against defendant Koval Flamingo, LLC for attorney's fees in the amount of $131,493.15.

---

[4] Section 17.130(2) provides for pre-judgment interest in cases where no contract or statute sets the rate and sets a rate "equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent."

[5] 28 U.S.C. § 1961(b).

IT IS FURTHER ORDERED that the clerk of court shall enter taxable costs in the amount of $4,620.57 against defendants Koval Flamingo, LLC and American Invsco Corporation. (*See* **Dkt. #191**.)

IT IS FURTHER ORDERED that the clerk of court shall amend the amended judgment (Dkt. #188) to include (1) $17,400 in pre-judgment interest against defendant Koval Flaming, LLC on the breach of contract claim, (2) $90,989.41 in pre-judgment interest against Koval and American Invsco on the fraudulent concealment claim, and (3) post-judgment interest on the entire amount of the judgment at a rate of .11%, compounded annually, from August 15, 2014 until satisfied. (See **Dkt. #200, #267, #280**.)

DATED this 26th day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE