**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK TADDEO, et al., ) | Case No. 2:12-cv-01110-APG-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket Nos. 297, 298) |
| AMERICAN INVSCO CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court are a motion to quash a subpoena and a motion for protective order, both filed by former Defendant Nicholas Gouletas. Docket Nos. 297, 298. Plaintiffs filed a response in opposition and Mr. Gouletas filed a reply. Docket Nos. 304, 305. Mr. Gouletas filed a response to the Court's order for him to show cause why his motion should not be denied as untimely. Docket No. 300; *see also* Docket No. 299 (order to show cause). The parties have also filed supplements regarding the impact on the pending motions, if any, of Mr. Gouletas' recent notice of bankruptcy. Docket Nos. 323, 324. The Court finds the motions properly resolved without oral argument, *see* Local Rule 78-2, and hereby **VACATES** the hearing set for February 19, 2016. For the reasons discussed below, the motion to quash is **DENIED** without prejudice and the motion for protective order is **DENIED**.

**I.    BACKGROUND**

This is the third time former Defendant Nicholas Gouletas has brought to this Court a dispute regarding Plaintiffs' attempt to obtain his post-judgment deposition in Chicago, Illinois. *See* Docket No. 256 (denying first motion); Docket No. 258 (denying renewed motion). As the Court explained on each

of those prior occasions, the motion raises significant issues regarding this Court's jurisdiction over the dispute. Docket No. 256 at 3 n.1; Docket No. 258 at 1-2; *see also* Docket No. 253 at 2-3 (addressing similar issue for depositions scheduled in Michigan). In the pending motion, Mr. Gouletas argues that this Court is the proper venue to resolve the instant dispute. *See* Docket No. 297 at 7-8. Plaintiffs do not address this issue at all. *See* Docket No. 304.

## II.   STANDARDS

"The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). The rules similarly provide different vehicles and requirements for challenging discovery that has been propounded. The Court's analysis in deciding disputes regarding subpoenas served on non-parties is governed by Rule 45. *See, e.g.*, *Paws Up Ranch, LLC v. Green*, 2013 WL 618940, *1 (D. Nev. 22, 2013). When a non-party seeks to quash a subpoena, such a motion must be filed with the court for the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3)(A); *see also Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, *3 (D. Nev. Aug. 15, 2014). "[W]hen a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Agincourt Gaming*, 2014 WL 4079555, at *3.[1] On the other hand, Rule 26 applies to motions filed by parties seeking a protective order preventing or limiting discovery. When a party for whom a deposition has been noticed seeks relief from that deposition, he is permitted to seek a protective order in either the court where the action is pending or in the court for the district where the deposition will be taken. *See* Fed. R. Civ. P. 26(c)(1).

## III.   ANALYSIS

In this case, the district where compliance is required for the subpoenaed deposition is the Northern District of Illinois. *See* Docket No. 297-1. Pursuant to the above rules, the motion is not

---

[1] If exceptional circumstances exist, the court where compliance is required may transfer a motion to quash to the court where the action is pending. *See, e.g.*, Fed. R. Civ. P. 45(f). Mr. Gouletas predicts that this dispute may return to this Court pursuant to Rule 45(f). Docket No. 297 at 8 n.1. That may well be, but that is a decision to be made by the district court in the Northern District of Illinois: "The plain text of Rule 45(f) imbues the discretion to transfer subpoena-related motions with the district court where compliance is required." *Agincourt Gaming*, 2014 WL 4079555, at *4 (internal citations omitted).

properly heard by this Court if Mr. Gouletas is treated as a non-party. Mr. Gouletas argues that he should be treated as a party in light of his status as a former defendant in this case. Docket No. 297 at 7-8. The case law is to the contrary. The Ninth Circuit has held that a defaulted defendant must be treated as a non-party for discovery purposes. *See Jules Jordan Video*, 617 F.3d at 1159 (discussing *Blazek v. Capital Recovery Assocs.*, 222 F.R.D. 360, 361 (W.D. Wis. 2004)). The Ninth Circuit reasoned that a defaulting defendant should be afforded non-party status for discovery purposes since that party loses many of the rights of a party. *See Jules Jordan Video*, 617 F.3d at 1159.

While the situation of a defaulted defendant is not identical to the situation of a former defendant who obtained resolution in his favor, other courts have similarly ruled that prevailing former defendants should be treated as non-parties for discovery purposes subject to the requirements outlined in Rule 45. For example, one court held that a former defendant who was dismissed by the court without prejudice but never added back into the case through amendment must be treated as a non-party for discovery purposes. *Simon v. Taylor*, 2014 WL 6633917, *20-23 (D.N.M. Nov. 18, 2014). Another court held that the entry of voluntary dismissal for a defendant rendered that defendant a non-party for discovery purposes. *Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, 2014 WL 5421237, *3-4 (E.D. Mich. Oct. 22, 2014). Yet another court held that issuance of an order granting some defendants' motions to dismiss rendered those former defendants non-parties for discovery purposes. *See Treppel v. Biovail Corp.*, 233 F.R.D. 363, 369 (S.D.N.Y.2006). Mr. Gouletas provides no contrary legal authority. The case law appears to be uniform that a prevailing defendant in a multi-defendant case is treated as a non-party for discovery purposes upon resolution in his favor.

On August 13, 2014, Mr. Gouletas obtained a directed verdict in his favor. Docket No. 177. Especially having been presented with no contrary legal authority, the Court concludes that Mr. Gouletas must be treated as a non-party for discovery purposes in light of that directed verdict. As such, the pending dispute is governed by Rule 45, properly presented as a motion to quash a subpoena, and not properly filed in this District since the subpoena requires compliance in the Northern District of Illinois.

## IV.  CONCLUSION

For the reasons discussed more fully above, the motion to quash is **DENIED** without prejudice as improvidently filed in this Court and the motion for protective order is **DENIED**.

IT IS SO ORDERED.

Dated: February 11, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge