# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

FRANK TADDEO; AMELIA TADDEO,

Plaintiffs,

v.

KOVAL FLAMINGO, LLC, a Nevada Limited Liability Company; et al,

Defendants.

Case No. 2:12-cv-01110-APG-NJK

**ORDER GRANTING MOTION FOR RECONSIDERATION**

**(ECF No. 269)**

Plaintiffs Frank and Amelia Taddeo sued the defendants for selling them a condominium without disclosing significant structural problems. A jury eventually rendered a verdict for the Taddeos. Among other things, the jury found that defendant Koval Flamingo, LLC sold them their home but never mentioned that documents showed that the home's structure was defective. The jury awarded the Taddeos $304,424 in fraud damages and $1 million in punitive damages.

After the trial, the defendants filed several motions for judgment as a matter of law. Koval now asks that I reconsider my prior order (ECF No. 260), which denied in part and granted in part these motions.[1] Koval challenges only a narrow part of that order, relating to the jury's verdict for fraud damages. I grant Koval's motion to clarify my ruling.[2]

In my prior order, I rejected Koval's argument—raised for the first time after the jury's verdict—that the Taddeos' fraud claim failed because there was insufficient evidence of damages. I held that the jury's award of fraud damages was appropriate under an out-of-pocket theory of damages. Koval argues that this was a mistake because an out-of-pocket theory of damages

---

[1] The order Koval is challenging (ECF No. 260) disposed of ECF Nos. 201, 202, 203, and 209.

[2] I have discretion to review and revise my orders. *Ball v. Local 148 Int'l Union*, 238 F.3d 427 (9th Cir. 2000).

would require the Taddeos to put on evidence about the value of their home, which they failed to do.

I need not have entertained Koval's argument about fraud damages because it had waived this argument. A party cannot raise a legal argument in a *post-verdict* motion for judgment as matter of law unless it first raised it in a *pre-verdict* motion for judgment as a matter of law. And Koval never raised its fraud damages argument in its pre-verdict motion—indeed, Koval did not mention fraud damages at all. Nor did Koval propose a jury instruction related to fraud damages or otherwise raise this issue during the trial. Because Koval failed to challenge the fraud damages prior to the jury's verdict, I find that it waived its ability to challenge the jury's award of damages for fraud.

But even if it had not waived this argument, the jury's award of fraud damages was adequately supported by the record. The evidence showed that the Taddeos' home had significant structural problems and that the couple did not try to sell it because of those defects. A jury could thus reasonably conclude that the defendant's fraud resulted in the Taddeos deriving no value from their home, and that a proper measure for their damages was their out of pocket costs. I grant Koval's motion and reconsider my prior order, but I nevertheless reach the same conclusion: Koval's arguments fail.

**I.     Koval waived its ability to challenge the damages element of the Taddeos' fraud claim because it waited until after the jury's verdict to raise it.**

Once the time for summary judgment is over, parties seeking judgment as a matter of law must move under Federal Rule of Civil Procedure 50(a) before the case is submitted to the jury.[3] A party may then renew that same motion's legal arguments after the jury has rendered its verdict, in a Rule 50(b) motion.[4]

---

[3] Fed. R. Civ. P. 50(a).
[4] *Id.*

Crucially, in a Rule 50(b) motion filed after the jury's verdict, a party can only "renew" the same arguments made in the pre-verdict Rule 50(a) motion.[5] In other words, legal arguments not raised in the Rule 50(a) motion prior to the jury's verdict are waived.[6] The comments to the Federal Rules explain that Rule 50(b) was designed to ensure that "[a] post-trial motion for judgment can be granted *only on grounds advanced in the pre-verdict motion*."[7]

The Ninth Circuit "strictly construe[s]" this rule, absolutely requiring that legal arguments be raised in a Rule 50(a) motion before a district court can consider them post-verdict in a Rule 50(b) motion.[8] "[S]ubstantial compliance" with this rule is not enough.[9] If a party does not file a Rule 50(a) motion raising a legal argument, that argument is procedurally defaulted.[10] Indeed, the circuit has explained that a party's failure to properly follow Rule 50's requirements makes its appeal unreviewable.[11]

In its Rule 50(a) motion, Koval offered only three specific legal arguments against the Taddeo's fraud claim—none of which was remotely concerned with damages. Koval first argued at length that there was no evidence Koval had a duty to disclose the structural defect.[12] Second,

---

[5] *Id.* (stating that once a Rule 50(a) motion has been submitted, the judge may consider the "legal questions raised by the motion" post-trial).

[6] Koval contends that even where a party failed to raise an argument in its pre-verdict motion, it can still be reviewed for "plain error." It appears Koval is referring to the Ninth Circuit's practice of reviewing waived issues for plain error generally. And indeed, early cases held that the Ninth Circuit would review arguments "where there is such plain error apparent on the face of the record that failure to review would result in a manifest miscarriage of justice." *Sloman v. Tadlock*, 21 F.3d 1462, 1473 (9th Cir. 1994). But the Ninth Circuit appears to have abandoned this view when it comes to Rule 50 motions, holding that failing to raise an argument in a Rule 50 motion utterly forfeits the argument on appeal, even for plain error. *See Nitco Holding Corp. v. Boujikian,* 491 F.3d 1086, 1088 (9th Cir. 2007). But in any event, the Ninth Circuit standard of review is not my concern here.

[7] Fed. R. Civ. P. 50(b) (comments) (emphasis added).

[8] *See, e.g., Zender v. Vlasic Foods, Inc.,* 91 F.3d 158 (9th Cir. 1996), amended (Aug. 29, 1996) ("[T]he district court's grant of judgment as a matter of law on this basis was improper because Vlasic did not assert the 'equal dignities' rule in its pre-verdict motion for judgment as a matter of law."); *see also Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1082 (9th Cir. 2009).

[9] *Id.*

[10] *Id.*; *see also Nitco Holding Corp.,* 491 F.3d at 1088.

[11] *Nitco Holding Corp.,* 491 F.3d at 1088.

[12] ECF No. 198 at 91.

1  Koval argued that there was no evidence the Taddeos relied on Koval's representations.[13]
2  Finally, Koval argued that there was no evidence of the malice needed to prove punitive
3  damages.[14] Koval did not so much as mention fraud damages once in its motion, much less offer
4  any specific legal argument about these damages.

5  Koval's counsel clarified that it was not challenging all the elements of fraud, only those it
6  had specifically mentioned in its motion. After challenging the duty and reliance elements,
7  counsel said "there is, *on several elements of fraudulent concealment*, a complete and utter lack of
8  evidence."[15] Counsel did not state that the Taddeos failed on all elements of the fraud claim.
9  Even that would not have been enough to properly raise the damages issue, but in any event, there
10 is little doubt that Koval did not intend to challenge fraud damages in its Rule 50(a) motion.

11 Aside from its failure to raise fraud damages in its pre-verdict motion, Koval did not raise
12 the issue when settling jury instructions. Koval's proposed jury instructions merely stated that the
13 Taddeos must "prove damages" caused by the alleged fraud, nothing more.[16] If Koval believed
14 that the jury needed to make findings about the value of the Taddeos' home to prove fraud
15 damages—which is the issue it raised in both its post-verdict motion and its motion for
16 reconsideration—then the proper time to raise this issue was before the jury deliberated.

17 Because Koval made no mention of fraud damages in its pre-verdict Rule 50(a) motion,
18 Koval could not raise this argument in its Rule 50(b) motion. Thus, I need not have reached the
19 merits of this argument in my prior order. Koval's challenges to the jury's award of damages for
20 fraud fails.

21 **II.    Alternatively, the record evidence supports the jury's award for fraud damages.**
22 Even if I were to consider Koval's arguments on the merits, they would fail. Koval raises
23 two substantive arguments. First, it contends that the jury could not award fraud damages under

---

[13] *Id.* at 93.
[14] *Id.*
[15] *Id.* (emphasis added).
[16] ECF No. 148 at 12. I generally adopted these instructions. *See* ECF No. 180.

an out-of-pocket theory because, under Nevada law, a plaintiff "is only entitled to recover the *difference* between the amount 'out-of-pocket' and the actual value of the relevant property at the time of the sale—<u>not</u> the entire 'out-of-pocket' amount."[17] Koval reasons that because the record is "devoid of any evidence that the value of the property"—the damages award cannot stand.[18] Second, Koval argues that even if there is evidence about the value of the Taddeos' home after they purchased it, there is no evidence about the value of the home at the time of the purchase, which is what matters. Neither of these arguments has merit.

The Taddeos provided evidence about the value of their home. In Nevada, "[a]n owner of property may testify to its value."[19] Amelia Taddeo testified that she hired a property manager but that she was unsuccessful in her attempts to rent the unit.[20] She then testified that she decided not to sell the condo because of the structural defects, building code violations, and other problems with the building.[21] And evidence in the record indicated that there were indeed significant structural defects in the home.[22] Based on the evidence of defects and Amelia Taddeo's testimony, a reasonable juror could infer that the home was effectively worthless to the Taddeos.

This conclusion is bolstered by the fact that in Nevada, the showing required to prove damages is relaxed in fraud cases: a plaintiff merely needs to show that the defendant's acts were substantially related to the homeowner's damages.[23] Nevada courts allow broader recovery in fraud cases to act as "a deterrent to a real estate agent fraudulently misleading prospective buyers."[24] There is little question that a reasonable jury could find that Koval's

---

[17] ECF No. 269 at 8:9-11 (emphasis in original).

[18] *Id.* at 2:13-15.

[19] *Stephans v. State*, 262 P.3d 727, 731 (Nev. 2011).

[20] ECF No. 197 at 64.

[21] *Id.* 64-65.

[22] ECF No. 198 at 35-37.

[23] *Davis v. Beling,* 278 P.3d 501, 513 (Nev. 2012).

[24] *Id.*

misrepresentations are substantially related to the Taddeos losing their down payment. As explained above, Amelia testified that she did not try to sell the condo, in part, because of the defects that the jury found Koval had fraudulently concealed.

As to Koval's argument that there must be evidence about the value of the condo on the day it was sold—not later when Amelia Taddeo says she decided not to sell because of the defects—the Supreme Court of Nevada disagrees. That court has rejected the argument that "damages proximately caused by fraud are determined as of the date when the fraud took effect—not by a later increase or decline in value."[25]

Koval waived any challenge to the jury's award for fraud damages. But even if it had not, there is sufficient evidence to support the jury's award.

### III. Conclusion

IT IS THEREFORE ORDERED that the defendant's motion for reconsideration (**ECF No. 269) is GRANTED IN PART** as more fully set forth in this order. I have reconsidered my prior order but reached the same result.

DATED this 21st day of October, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[25] *Id.* (quoting *Strebel v. Brenlar Investments, Inc.*, 37 Cal.Rptr.3d 699, 705 (Cal.App. 2006).